UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEN DOGRA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CAA SPORTS LLC, | ) |
| | ) |
| Respondent. | ) |

## PETITION TO COMPEL ARBITRATION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Petitioner Ben Dogra ("Dogra") brings this Petition to Compel Arbitration against Respondent CAA Sports LLC ("CAA"). In support of his Petition, Dogra alleges as follows:

## NATURE OF THE ACTION

1. Dogra brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. Dogra seeks an order compelling CAA to submit to arbitration certain disputes arising out of Dogra's employment with CAA. The parties previously arbitrated these disputes in an American Arbitration Association ("AAA") proceeding, No. 01-15-0002-7781, between Dogra and CAA. However, there is work left to do that is contemplated by the Award rendered in the previous arbitration, and CAA has refused to do that work. The Arbitrator who oversaw the previous arbitration has determined that his jurisdiction expired. Accordingly, Dogra brings this action to compel arbitration for the purpose of completing the work and the exchange of monies contemplated by the Award rendered in the previous arbitration.

2.      The term "Award" as used herein, and as used by the Arbitrator, includes the Arbitrator's original award and all supplements to it.  A copy of the Award is attached hereto as **Exhibits A** through **E** and incorporated herein by reference.  Exhibit A is the original Opinion and Award issued on July 18, 2016.  Exhibit B is the First Supplemental Opinion and Award issued on September 29, 2016.  Exhibit C is the Second Supplemental Opinion and Award issued on November 28, 2016.  Exhibit D is the Third Supplemental Opinion and Award was issued on June 11, 2018.  Exhibit E is the Fourth Supplemental Opinion and Award issued on August 10, 2018.  In issuing the Supplemental Opinions and Awards, the Arbitrator expressly stated that his previous Opinions and Awards are incorporated into and made a part of each supplement so that there is one Award.

3.      In the arbitration, M. David Vaughn, Esq., the arbitrator selected through the AAA's procedures, issued the Award in part granting Dogra a significant sum of monies owed to him by CAA, and in part requiring Dogra to return a portion of his salary as required by his Employment Agreement.  Because of the extensive nature of the relief awarded to Dogra by Arbitrator Vaughn, significant accounting needed (and in some cases, still needs) to be undertaken to determine the sums owed to Dogra under the Award.

4.      At the joint request of the parties, Arbitrator Vaughn extended his jurisdiction several times to interpret and implement the Award.  However, before the sums due under the award could be finally determined, CAA attempted to vacate a portion of the Award by seeking affirmative relief from this Court.  *See CAA Sports LLC v. Ben Dogra*, No. 4:18-cv-01887-SNLJ.  While that action was pending, Arbitrator Vaughn's jurisdiction expired.  Against Dogra's wishes and despite his requests, CAA has refused to jointly

2

request a continuation of Arbitrator Vaughn's jurisdiction over the previous arbitration. Arbitrator Vaughn has stated that he does not have jurisdiction to continue without CAA's acquiescence or, alternatively, a Court order.

5. Accordingly, Dogra petitions this Court for an Order compelling arbitration so that the parties may complete the work contemplated under Arbitrator Vaughn's award.

## THE PARTIES

6. Dogra is an individual residing in St. Louis County, Missouri.

7. CAA is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Dogra further invokes this Court's jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

9. This Court has personal jurisdiction over CAA because it has entered into contracts within this district related to the dispute between the parties and has transacted business within this district. Further, CAA has consented to the jurisdiction of tribunals within this district in connection with the employment relationship between it and Dogra. Indeed, CAA previously invoked the jurisdiction of, and sought affirmative relief from, this Court. *See CAA Sports LLC v. Ben Dogra*, No. 4:18-cv-01887-SNLJ.

10. Venue is proper pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district, and CAA is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

11. On or about December 31, 2011, Dogra and CAA entered into the Employment Agreement, a copy of which is attached hereto as **Exhibit F** and incorporated herein by reference. The Employment Agreement had an effective date of January 1, 2012.

12. Dogra's employment with CAA ended on November 13, 2014. Dogra subsequently filed a Demand for Arbitration against CAA with the American Arbitration Association on February 26, 2015. Arbitrator Vaughn was selected as the arbitrator for the parties' dispute.

13. Arbitrator Vaughn issued an Opinion and Award on July 18, 2016. In the Award, Arbitrator Vaughn found that CAA terminated Dogra "without cause" and, as a result, owed Dogra millions of dollars in revenues, some of which needed to be further identified and calculated. Certain offsets in the Award – namely, shared commissions between the parties and interest applicable to each party's claim – also required calculation.

14. Thereafter, and to assist the parties in their efforts and calculations to implement the Award, Arbitrator Vaughn retained jurisdiction for a series of specific time periods at the parties' request. The parties jointly requested this extended jurisdiction multiple times to continue to do the work that Arbitrator Vaughn's Award required and to achieve a final resolution in this matter. As part of his extended jurisdiction jointly

requested by the parties, Arbitrator Vaughn issued four Supplemental Awards, all of which incorporated the original Award and previous Supplemental Awards.

15. In the Award, Arbitrator Vaughn ordered the parties to engage in an audit. That audit remains ongoing. Arbitrator Vaughn should oversee the audit to ensure both sides cooperate and complete the audit and exchange money in accordance with the Award. Moreover, the Fourth Supplemental Opinion and Award grants post-Award prejudgment interest on the underlying sums. Without Arbitrator Vaughn's continued oversight, there is no enforcement authority in place to advance and conclude the audit, complete the interest calculations corresponding thereto, or consider evidence to rebut the Award's presumption that interest applies to both claims, each of the foregoing being an express requirement and/or entitlement under the Award.

16. Arbitrator Vaughn has determined that his jurisdiction expired on September 30, 2018, while the action brought by CAA to vacate the Fourth Supplemental Award was pending before this Court. *See CAA Sports LLC v. Ben Dogra*, No. 4:18-cv-01887-SNLJ. Arbitrator Vaughn has also concluded that the parties' expectations have been frustrated because there has been no complete resolution of the remaining issues between them.

17. Arbitrator Vaughn has further noted that he could continue to exercise jurisdiction pursuant to either a joint request from the parties or by direction of the Court.

18. While there is still work left to be done to implement the Award, CAA refuses to join in Dogra's request to Arbitrator Vaughn to reopen his jurisdiction as arbitrator.

19. Plainly, the parties have remaining issues between them that can be resolved in an arbitration with Arbitrator Vaughn, who is uniquely well-positioned to handle the matter of implementing the Award he issued. This Court agreed there was work left to be done when it found the arbitration had not yet produced a final award. *See CAA Sports LLC v. Ben Dogra*, No. 4:18-cv-01887-SNLJ, Doc. #54 at 6 (concluding "this Court should decline to review the award because it is not a final award.").

20. Dogra now moves for an order from this Court compelling such an arbitration.

## COUNT I
### Petition to Compel Arbitration

21. Dogra hereby incorporates by reference and re-alleges the allegations in each of the foregoing paragraphs.

22. Dogra's Employment Agreement with CAA contains a valid and enforceable arbitration agreement.

23. Dogra and CAA arbitrated those claims and the arbitrator issued an Award. However, the work between Dogra and CAA that is contemplated by the Award is not yet complete and the Arbitrator must have jurisdiction so he may oversee and direct the completion of the work and the exchange of monies contemplated by the Award.

24. Dogra seeks a final resolution of this matter in the arbitration, to which CAA has refused to agree.

25. This Court can and should compel arbitration under these circumstances. The Federal Arbitration Act, 9 U.S.C. § 4, allows Dogra to petition this Court for an order

6

directing CAA to proceed to arbitration in the manner provided for in Dogra's Employment Agreement.

**WHEREFORE,** Petitioner Ben Dogra respectfully requests this Court:

(1) enter an Order and Judgment compelling the parties to engage in arbitration with Arbitrator Vaughn in order to finally determine the monetary amounts owed to Dogra by CAA pursuant to the Award, and to otherwise finally implement the Award issued therein; and

(2) order such further and additional relief as the Court deems just and proper.


Dated: April 8, 2019                            Respectfully submitted,


                                                **DOWD BENNETT LLP**

                                                By:  /s/ *John D. Comerford*           .
                                                James F. Bennett, MO #46826
                                                John D. Comerford, MO #60164
                                                James B. Martin, MO #70219MO
                                                7733 Forsyth Blvd., Suite 1900
                                                St. Louis, MO 63105
                                                Telephone: (314) 889-7300
                                                Facsimile: (314) 863-2111
                                                jbennett@dowdbennett.com
                                                jcomerford@dowdbennett.com
                                                jbmartin@dowdbennett.com


                                                *Attorneys for Petitioner Ben Dogra*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2019, the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

　　　　　　　　　　　　　　　　　　　　 /s/ *John D. Comerford*