UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEN DOGRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19 CV 859 CDP |
| | ) |
| CAA SPORTS LLC, | ) |
| | ) |
| Defendant. | ) |

## **ORDER AND MEMORANDUM**

Plaintiff, Ben Dogra, seeks an order pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, compelling defendant CAA Sports LLC to arbitrate their dispute. This employment compensation dispute between the parties has been going on for more than five years, and has resulted in multiple arbitration decisions, although no final award has been issued because there has been no final calculation of the amount of damages owed to either party. Dogra seeks this order because the original jurisdiction of the arbitrator who oversaw the dispute expired, and CAA Sports refuses consent to the arbitrator's continuing jurisdiction.

I held a hearing on the petition to compel arbitration on May 3, 2019. After fully considering the positions of both parties, I will grant Dogra's petition to compel arbitration pursuant to 9 U.S.C § 4, because the issues raised in this

petition are simply a continuation of the earlier dispute. For the same reason, I will direct that the parties select the same arbitrator, assuming he is still willing to serve, with his jurisdiction to continue until the dispute between the parties is concluded.

In 2014 CAA Sports terminated Dogra from his position as a sports agent. Disputes about the termination and about money owed to Dogra from CAA and to CAA from Dogra immediately arose, with Dogra alleging that CAA Sports breached the employment agreement and committed other torts, and CAA alleging the same against Dogra. The employment agreement contains an arbitration clause, which states in relevant part:

> If a dispute arises under this Agreement which cannot first be resolved through good faith negotiations, this dispute will be submitted to arbitration and resolved by a single arbitrator … in accordance with the Commercial Arbitration Rules of the American Arbitration Association in St. Louis, Missouri then in effect as modified herein.

ECF 1-6 at 8.

Beginning in 2015, the parties submitted their disputes to arbitration under the rules of the American Arbitration Association and selected M. David Vaughn as the arbitrator. In July 2016 Arbitrator Vaughn issued his first arbitration award, sustaining in part various claims by both parties. The arbitrator retained jurisdiction with respect to interpretation and implementation of the award, and

then extended that jurisdiction multiple times by written consent of the parties. He later issued first, second, third, and fourth supplemental awards. After the fourth supplemental award was issued, Dogra sought an extension of the arbitrator's jurisdiction and CAA Sports opposed that request. Arbitrator Vaughn concluded that his jurisdiction expired on September 30, 2018; he told the parties that any further exercise of jurisdiction by him "could only take place upon my acceptance of a joint request by the Parties or by direction of the Court." CM/ECF # 16-1.

In November 2018, CAA Sports filed an earlier suit in this Court seeking to vacate the fourth supplemental award. *CAA Sports LLC v. Dogra*, No. 4:18CV01887 SNLJ. After considering the parties' motions and briefs, United States District Judge Stephen N. Limbaugh, Jr., concluded that the award was not final because there was an ongoing dispute over damages, and so dismissed that case. 2019 WL 1001041, at *1 (E.D. Mo. Feb. 28, 2019). Neither party appealed. Dogra then filed the instant case on April 8, 2019.

At the hearing before me, the parties agreed that a number of disputes arising from Dogra's employment with CAA remain unresolved. CAA Sports opposes an Order for arbitration, arguing that this matter is not yet ripe for judicial resolution because an audit contemplated by the earlier awards is not complete and because the disputes might be resolved through further good faith negotiations.

CAA Sports also argues that if I were to compel arbitration, the Commercial Arbitration Rules of the American Arbitration Association would require selection of a new arbitrator.

I will grant Dogra's petition and compel arbitration because there are ripe disputes for an arbitrator to resolve and CAA Sports has refused to arbitrate. Section 4 of the FAA states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.[1]

A dispute must be ripe before a court can compel arbitration. *See Lower Colorado River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017). In *Lower Colorado River* the Court concluded that it was required to "look through" to the underlying dispute to make this determination. *Id.* at 922-23. It concluded that the case was not ripe at the time the district court had ruled because neither party was alleged to have actually breached the contract at issue; instead the parties sought a determination of the meaning of one of the contractual terms.

---

[1] The parties agree that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

Ripeness requires that a dispute be "real and immediate, rather than abstract." *Hartford Acc. & Indem. Co. v. Doe Run Resources Corp.*, 663 F.Supp.2d 771, 776 (E.D. Mo. 2009) (citing *Aetna Casualty and Surety Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992)). In determining ripeness the Court must inquire into both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 149 (1967)

CAA Sports' ripeness arguments characterize the dispute too narrowly, focusing only on the conduct of the long-delayed audit that was contemplated by one of the earlier awards. Dogra argues that CAA is intentionally delaying matters to obtain a strategic advantage, and that it is necessary to have the arbitrator supervise the audit. This dispute is but a subset of the parties' complicated and contentious disagreement that has been going on since Dogra's termination in 2014. This dispute is real and immediate. As Judge Limbaugh has ruled (and neither party appealed) there is no final award from the arbitration that began in 2016. I am bound to compel arbitration by an aggrieved party when the making of the terms of the agreement is not at issue. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). Moreover, Dogra's argument that refusing to compel additional arbitration at this point would leave the dispute in a

5

"jurisdictional black hole" is well taken.  Although the parties may be able to resolve small pieces of this dispute, their history shows that they are not likely to resolve the entire dispute without further arbitration.

Finally, I will direct the parties to continue the arbitration with Arbitrator Vaughn.  The parties selected him previously under the terms of the contract and under the Commercial Arbitration Rules of the American Arbitration Association.  As noted above, the current arguments are but a small part of the same dispute that has already been before Arbitrator Vaughn.  Because no final award has been issued by Arbitrator Vaughn, the parties must return to him (assuming he is willing) for final resolution of the remaining disputes.  To the extent one of the purposes of arbitration is to resolve disputes promptly, the selection of a new arbitrator would "undermine the central benefits of arbitration itself" because the parties would have to start the entire process over again.  *Lamps Plus, Inc. v. Varela,* 139 S.Ct. 1407, 1417 (U.S. Apr. 24, 2019).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition to Compel Arbitration [1] is granted.

**IT IS FURTHER ORDERED** that parties shall request that the case be returned to Arbitrator M. David Vaughn for completion of the resolution of their dispute.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2019.